IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02275-BNB

ROBERT D. PIPKINS,

     Plaintiff,

v.

OFFICER MR. TAILLON,

     Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Robert D. Pipkins, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado.  Plaintiff, acting *pro se*, filed a civil rights complaint on the form for the United States District Court for the District of New Jersey (ECF No. 5).  The complaint is brought pursuant to 42 U.S.C. § 1983, but it appears to be assert a claim pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because Mr. Pipkins is suing a federal officer.  He also submitted  what he labels as a "sensitive" letter (ECF No. 6 at 1).

     As relief, Mr. Pipkins asks for the Court to appoint counsel to represent him, medical attention, and money damages.  Mr. Pipkins' request for the appointment of counsel will be denied as premature.  Mr. Pipkins has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

     The Court must construe Mr. Pipkins' filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's

advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Pipkins will be

directed to file an amended complaint.

In the complaint, Mr. Pipkins asserts one claim which alleges that on July 29,

2012, he was assaulted by Officer Taillon.  Mr. Pipkins' complaint fails to comply with

the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin

purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the Court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d

1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to

meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides

that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a)

and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  To

state a claim in federal court, Mr. Pipkins' complaint "must explain what each defendant

did to him or her; when the defendant did it; how the defendant's action harmed him or

her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Pipkins fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  The seventy-two-page complaint, including attachments, is vague and conclusory.  The attachments include grievance forms, medical reports, sick call slips, and a forty-two-page "Procedural Guide for Pro Se Litigants," which states on the cover that "this information is provided merely as a guide to pro se litigants."  ECF No. 5 at 31.

The Court is not responsible for reviewing any attached or separate documents submitted by Mr. Pipkins to determine what claims and specific facts he intends to raise in this action.  Mr. Pipkins must present his claims in a manageable format that allows the Court and the defendants to know the claims that are being asserted and to be able to respond to those claims.  The amended complaint must provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

In the amended complaint he will be directed to file, Mr. Pipkins must assert personal participation by each named defendant.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Pipkins must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link

between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Pipkins may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Pipkins uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Pipkins will be directed to file an amended complaint on the Court-approved complaint form for the United States District Court for the District of Colorado that asserts his claims clearly and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  He also must include the address of each named defendant.

Accordingly, it is

ORDERED that, to the extent Mr. Pipkins seeks the appointment of counsel to represent him, the request is denied as premature.  It is

FURTHER ORDERED that Plaintiff, Robert D. Pipkins, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order.  It is

4

FURTHER ORDERED that Mr. Pipkins shall obtain the Court-approved Prisoner Complaint form for the United States District Court for the District of Colorado (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form to submit the amended complaint.  It is

FURTHER ORDERED that, if Mr. Pipkins fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action without further notice.

DATED September 19, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge