IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02275-REB-KLM

ROBERT PIPKINS,

    Plaintiff,

v.

TAILLON, actually named as Officer Mr. Taillon,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for an Extension of Time to Adhere to Scheduling Order** [Docket No. 32; Filed on May 31, 2013] (the "Extension of Time Motion"), **Motion for Leave to Amend Complaint** [#33; Filed on May 31, 2013] (the "Motion to Amend"), and **Motion for an Appointment of Counsel** [#34; Filed on May 31, 2013] (the "Motion for Counsel").

    In the Extension of Time Motion [#32], Plaintiff seeks "an extension of time to adhere to scheduling hearing." *Extension of Time Motion* [#32] at 1. However, Plaintiff fails to state which deadlines discussed at the April 30, 2012 Scheduling Conference, *see Minutes* [#30], he seeks to extend. If Plaintiff would like an extension of a deadline or multiple deadlines, he must file a motion stating: the specific deadlines he is allegedly unable to meet, the new deadlines he is requesting, and the reason for his request for an extension.

In the Motion to Amend [#33], Plaintiff seeks leave to amend his Amended Complaint [#12]. Conscious of the May 31, 2013 deadline for amendment of pleadings in this matter, Plaintiff filed the timely Motion to Amend on May 31, 2013 [#33]. However, Plaintiff failed to attach a proposed amended complaint.

In the Motion for Counsel [#34], Plaintiff requests that the Court appoint counsel to represent him. The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of his case on the list, a *pro se* plaintiff remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present his claims himself; and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exist any special circumstances such as those in *McCarthy*

*v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief.  *See Am. Compl.* [#12].  The legal issues presented are not overly complex, novel, or particularly difficult to state or analyze.

The  fact that Plaintiff's financial situation has made it difficult for him to obtain representation does not, by itself, warrant the need for volunteer counsel.  Although mindful of the difficulties faced by *pro se* parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel.  *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).  Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, this Plaintiff's particular circumstances do not.  Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his financial means and lack of legal training.  To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).  However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).   Accordingly,

IT IS HEREBY **ORDERED** that the Extension of Time Motion [#32] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Motion to Amend [#33] is **DENIED without prejudice**. If Plaintiff, who proceeds in this matter *pro se*, is seeking leave to file a Second Amended Complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15, and which includes the proposed Second Amended Complaint as a document separate from the motion. The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed Second Amended Complaint.

IT IS FURTHER **ORDERED** that the Motion for Counsel [#34] is **DENIED without prejudice**.

Dated: June 10, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge