IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02275-REB-KLM

ROBERT PIPKINS,

    Plaintiff,

v.

TAILLON, actually named as Officer Mr. Taillon,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Sanctions** [#53][1] (the "Motion"). In the Motion, Plaintiff asks the Court to impose sanctions against Defendant pursuant to Fed. R. Civ. P. 5 and 11(b). *Motion* [#53] at 1. At the end of the Motion, Plaintiff requests the following relief: (1) that the Court order the United States Attorney's Office to "pay a $4,000 penalty for harassing the [P]laintiff;" (2) that the Court issue an Order to Show Cause pursuant to Fed. R. Civ. P. 11(c)(3); and (3) that the Court order Defendant to obtain private counsel. *Id.* at 3.

    Plaintiff proceeds in this matter pro se.[2] He asserts an Eighth Amendment claim against Defendant, a correctional officer at the United States Penitentiary in Florence, Colorado ("USP"), relating to an incident that allegedly occurred on July 29, 2012, while Plaintiff was housed at USP. *Am. Compl.* [#12] at 3-4.

---

[1] "[#53]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

[2] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

In support of the requested relief, Plaintiff argues that "the United States does not have an interest in this case, which means that the U.S. Attorney[']s Office lacks standing to file documents, or argue on behalf of the [D]efendant." *Motion* [#53] at 2. Plaintiff further argues that "the [D]efendant is in default because he has not responded to the [C]omplaint within sixty (60) days from the time that he was served . . . ." *Id.* Plaintiff maintains that the United States Attorney's Office's participation as counsel in this litigation is a fraud on the Court and has interfered with this litigation and prejudiced him. *Id.*

Plaintiff's concern regarding the United States Attorney's Office's participation in this litigation is misplaced. Plaintiff brought this case against an employee of USP relating to his work at USP. USP is a federal prison operated by the Federal Bureau of Prisons. *See* http://www.bop.gov/locations/institutions/flm/ (Federal Bureau of Prisons website with information for USP). The Federal Bureau of Prisons is an agency within the United States Department of Justice. *See* http://www.justice.gov/agencies/index-list.html (Department of Justice website listing the Federal Bureau of Prisons as an agency within the department). The United States Attorney's Office is authorized to represent employees of federal agencies who are sued in their official capacities. Accordingly, to the extent Plaintiff's Motion is based on his mistaken belief that the United States Attorney's Office "lacks standing to file documents[ ] or argue on behalf the [D]efendant," *Motion* [#53] at 2, the Motion is **DENIED**. Likewise, to the extent that the Motion requests sanctions against the United States Attorney's Office, the Motion is **DENIED.**

With regard to Plaintiff's argument that Defendant has defaulted, the record does not support this contention. Plaintiff filed his Amended Complaint [#12] on October 18, 2012. Defendant was served with the Amended Complaint on January 30, 2013 [#25]. On March 28, 2013, the Court entered a Minute Order regarding Defendant's failure to respond to the Amended Complaint and ordered Plaintiff to either file a motion for entry of default against Defendant or a notice of voluntary dismissal on or before April 19, 2013. *See Minute Order* [#27] at 1. That same day Defendant filed his Answer [#28].

Default judgment is governed by Fed. R. Civ. P. 55. "[Federal] Rule [of Civil Procedure] 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995) (unpublished table decision); *U.S. Commodity Futures Trading Com'n v. Trimble*, Civil Action No. 11-cv-02887-PAB-KMT, 2013 WL 317576, at *1 (D. Colo. Jan. 28, 2013). First, the party seeking a default judgment must request an entry of default from the Clerk of the Court under Fed. R. Civ. P. 55(a). *Id.* After default has been entered by the Clerk, the party may seek default judgment pursuant to Fed. R. Civ. P. 55(b). *Id.* Neither of these steps were followed in this case and Defendant has since filed his Answer and the case has progressed. Accordingly, to the extent the Motion is based on Plaintiff's mistaken belief that Defendant "is in default," *Motion* [#53] at 2, the Motion is **DENIED**. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#53] is **DENIED**.

Dated: May 6, 2014