IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02275-REB-KLM

ROBERT PIPKINS,

     Plaintiff,

v.

RYAN TAILLON,

     Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

     This matter is before the Court on Defendant's **Motion for Summary Judgment**

[#43][1] (the "Motion").  The Motion is referred to this Court for recommendation regarding

disposition [#44].  Plaintiff, who proceeds in this matter pro se,[2] filed a Response[3] [#47].

---

[1]  "[#43]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Recommendation.

[2]  The Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, pro se litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3]  The Court construes Docket No. 47 as Plaintiff's Response to the Motion for Summary Judgment.  Plaintiff prefaces the Response by asserting that it "is all [Plaintiff has] to show that [he] exhausted all administrative remedies."  The Response, therefore, directly responds to the Motion, which is based on Defendant's position that Plaintiff did not exhaust his administrative remedies.  *Motion* [#43] at1.

Defendant has not filed a Reply, and his time to do so has elapsed.[4]   The Court has reviewed the Motion, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion for Summary Judgment [#43] be **GRANTED**.

## I. Background

Plaintiff is incarcerated by the Federal Bureau of Prisons (the "BOP").   *Amended Prisoner Complaint* [#12] (the "Complaint") at 2.  Plaintiff brings one claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.  *Id.* at 3.  Plaintiff alleges that Defendant, during the scope of Defendant's official duties as a prison officer, used excessive force which caused Plaintiff injury.  *Id.* at 4.  Specifically, Plaintiff asserts an Eighth Amendment claim of cruel and unusual punishment against Defendant.  *Id.*  Plaintiff seeks "monetary compensation, extensive immediate dental care or medical care, [and] [s]epratee [sic] from said named officer."[5]   *Id.* at 8.

Plaintiff alleges that, while escorting Plaintiff's cellmate, Defendant approached Plaintiff's cell on July 29, 2012 (the "Incident").   *Id.* at 3.  According to Plaintiff, he "was handcuffed behind [his] back" and could not stay upright in his cell due to nausea.  *Id.*  Plaintiff avers that Defendant unsuccessfully "attempted to pick [Plaintiff] up."  *Id.*

---

[4]   Defendant filed a Motion to Strike Plaintiff's Notice (Doc. 47) or, in the Alternative, Find That It Supports Defendant's Motion for Summary Judgment (Doc. 43) [#48], which the Court addresses in a separate order.

[5]   Throughout this Recommendation, the Court has standardized the formatting of Plaintiff's handwritten allegations.  For example, in the quotation "monetary compensation, extensive immediate dental care or medical care,[and] separatee [sic] from said named officer," the Court has substituted lower case letters when appropriate, in addition to the changes denoted in brackets.  *Compl.* [#12] at 8.

According to Plaintiff, Defendant "became aggravated and overly aggressively picked [Plaintiff] up and dove out the cell with [him] causing [his] face to hit the concrete[.]" *Id.* at 4. Plaintiff maintains that he "went unconscious for a moment or so [and] when [he] awoke [he] was laying in a puddle of blood with deep lacerations to [his] upper lip . . . [and his] teeth were knocked out . . . ." *Id.* Plaintiff checked "yes" on his form complaint, affirming that he exhausted his available administrative remedies. *Id.* at 7.

Defendant argues that "Plaintiff failed to exhaust his administrative remedies." *Motion* [#43] at 1. Defendant submitted a declaration signed by Theresa Montoya ("Montoya"), a Senior Attorney at the Federal Correctional Complex in Florence, Colorado, to support his argument that Plaintiff failed to exhaust his administrative remedies. *See generally Montoya Decl.* [#43-1].

In the Response, Plaintiff included various documents that, he argues, demonstrate that he exhausted all of his administrative remedies. *Response* [#47] at 1.

On June 30, 2014, the Court entered a Minute Order granting Plaintiff eighteen additional days in which to submit documentation regarding Defendant's Motion. *Minute Order* [#59] at 2. In the Minute Order, the Court provided explicit instructions to Plaintiff with regard to the evidentiary requirements of Fed. R. Civ. P. 56. *Id.* at 2 (internal citation omitted) ("Plaintiff should take note of the testamentary guidelines in 28 U.S.C. § 1746. **Plaintiff should include the following statement on the <u>last page</u> of every document he submits: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date)."** Plaintiff should not include additional documentation in pages following this oath unless Plaintiff specifies in the oath that the additional pages are

included in the oath.  Finally, Plaintiff should be aware that swearing to the truth of false information is perjury, and perjury is a crime punishable by fine and imprisonment.").

On July 11, 2014, Plaintiff filed a "Motion for Production of Video Camera Footage" (the "Motion for Production") concerning discovery.  *See generally Motion for Production* [#60].  Defendant filed "Defendant's Response To Plaintiff's Motion for Production of Video Camera Footage (Doc. 60)" (the "Motion for Production Response").  *See generally Motion for Production Response* [#63].[6]

On July 14, 2014, Plaintiff filed a "Memorandum Request for Prior Notice of Adjudication" (the "Prior Notice Request") requesting "prior notice of any steps leading toward the adjudications called for in this case 'at the conclusion of all evidence' considered in this action."  *Prior Notice Request* [#62] at 1.

On July 21, 2014, Plaintiff filed a "Constructive Notice Memorandum" (the "Memorandum").  *See generally Mem.* [#64].  In the Memorandum, Plaintiff included exhibits regarding his acts of self-harm prior to the Incident, his attempts to secure counsel, and his physical condition immediately following the Incident.  *Id.*, Ex. A, at 5-6, Ex. B, at 7-9, Ex. C, at 10.  Plaintiff requests that the Court "allow Plaintiff's [Memorandum] to be valid," and that the Court "order the Plaintiff to obtain private counsel[.]" *Id.* at 3.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Under Rule 56, the Court must dismiss a claim without prejudice if the evidence presented

---

[6]  The Court addresses the Motion for Production in a separate order.

does not create a genuine issue of material fact as to whether Plaintiff's Eighth Amendment claim against Defendant was properly exhausted. *Gatlin v. Brown*, 2014 WL 1818245, at *4 (D. Colo. 2014) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice). An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogation recognized by Eisenhour v. Weber County*, 744 F.3d 1220, 1227 (10th Cir. 2014). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice

5

and Procedure § 2738 at 356 (3d ed.1998).

Only documents that adhere to the evidentiary requirements of Fed. R. Civ. P. 56

can be considered for purposes of summary judgment.  Rule 56(c) provides that:

> "(1) A party asserting that a fact cannot be or is genuinely disputed must
> support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions,
> documents, electronically stored information, affidavits or declarations,
> stipulations (including those made for purposes of the motion only),
> admissions, interrogatory answers, or other materials[.]
> . . .
>
> (3) Materials Not Cited. The court need consider only the cited materials, but
> it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or
> oppose a motion must be made on personal knowledge, set out facts that
> would be admissible in evidence, and show that the affiant or declarant is
> competent to testify on the matters stated."

Fed. R. Civ. P. 56(c)(1)-(4).

Pro se litigants must follow procedural rules including Rule 56.  *See Nielson*, 17 F.3d

at 1277.  The Tenth Circuit, however, has found that "'[t]he rights of *pro se* litigants require

careful protection where highly technical requirements are involved . . . .'"  *Jaxon v. Circle*

*K Corp.*, 773 F.2d 1138,1140 (10th Cir. 1985) (quoting *Garaux v. Pulley*, 739 F.2d 437, 439

(9th Cir. 1984)).  Thus, for purposes of summary judgment, courts can consider pro se

litigants' verified complaints if the complaints "satisf[y] the standards for affidavits outlined

in [Rule 56(c)(4)]."  *Adams v. Dyer*, 223 F. App'x 757, 764 n. 7 (10th Cir. 2007) (citing

*Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988); *see also Harris v. Denver Health*

*Med. Ctr.*, No. 11-cv-01868-REB-MEH, at *7. (D. Colo. Jan. 31, 2013) (citations omitted);

*West v. Yeaton*, No. 09-cv-01268-MSK-KLM, at *3 (D. Colo. Jan. 6, 2011).  In addition to

pro se litigants' verified complaints, courts can consider evidence that is admissible.  *Law*

6

*Co. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) (citing Fed. R. Evid. 901(a)); *Nasious v. Robinson*, 2010 WL 1268135 (D. Colo. Feb. 17, 2010) (citing *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985)).  For assertions to be admissible they must be sworn.  *Sparks v. Rittenhouse*, No. 02-cv-02356-MSK-BNB, 2007 WL 987473, at *6 (D. Colo. Mar. 29, 2007) (citing *Adickes*, 398 U.S. at 158 n.17; *Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1462-63 (D. Colo. 1997)).

## III.  Analysis

Under the Prison Litigation Reform Act ("PLRA"), an inmate must first exhaust administrative remedies before filing suit.  *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").  Specifically, the exhaustion provision states:

> "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).  In order to "properly exhaust" available administrative remedies, inmates must fully comply with the applicable prison procedural requirements.  *Jones*, 549 U.S. at 218 (citing *Woodford*, 548 U.S. at 88); *Jernigan v. Stuchell*, 304 F.3d 1030,1032 (10th Cir. 2002) (citing *Wright v. Hollingsworth*, 260 F. 3d 357, 358 (5th Cir. 2001)).  The

burden is on the defendant to assert failure to exhaust in a dispositive motion. *See Jones*, 549 U.S. 199 at 216.

If the defendant establishes that the plaintiff failed to exhaust the prison's administrative remedies, the plaintiff must show that the remedies were unavailable to him. *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). Courts have found that remedies are unavailable when inmates are intimidated by prison officials, *id.*, and when "prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." *Stine v. United States Fed. Bureau of Prisons*, 508 F. App'x 727, 730-31 (10th Cir. 2013) (citations omitted) (internal quotation marks omitted).

The prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion."). Inmates within the BOP must follow a four-step administrative procedure in order to exhaust their administrative remedies. *Montoya Decl.* [#43-1] ¶ 7 (citing 28 C.F.R. §§ 542.10, et seq.). In Step 1, inmates "must attempt informal resolution of [their] concern[s] by filing a Request for Informal Resolution (a 'BP-8' form) with the appropriate [BOP] staff member, ordinarily [their] Correctional Counselor." *Id.* ¶ 8. In Step 2, inmates must "file a formal Administrative Remedy Request (a 'BP-9' form) to the Warden at the institution where [they are] being housed within 20 calendar days of the event giving rise to the grievance." *Id.* ¶ 9. In Step 3, inmates must "fil[e] a Regional Office Administrative Appeal (a 'BP-10' form) with the Regional Director within 20 calendar days of the date the Warden signs the denial of the BP-9." *Id.* ¶ 10 (citing 28 C.F.R. § 542.15(a)). In Step 4, inmates must "file an appeal on the BP-11 form to the

8

General Counsel at the BOP's Central Office in Washington, D.C. within 30 calendar days of the denial of the BP-10 appeal." *Id.* ¶ 12 (citing 28 C.F.R. § 542.15(a)). "At any [step] of the administrative remedy process, a request may be rejected if an inmate fails to comply with procedural requirements." *Id.* ¶ 17. Inmates may bypass the procedural requirement of filing initially at the institution level if one of five exceptions applies: the request contains a (1) sensitive issue; (2) DHO appeal; (3) Control Unit appeal; (4) Controlled housing status appeal; or (5) if it falls within the category of "[o]ther requests for formal review of decisions not originating from the Warden." 28 C.F.R. § 542.14(d)(1)-(5).

In the Declaration, Ms. Montoya explains the BOP procedural requirements that govern the submission and acceptance of inmates' administrative remedy requests. *Montoya Decl.* [#43-1] ¶¶ 7-13, 16-19. Ms. Montoya also interprets all of Plaintiff's administrative remedy requests that she determined were filed in connection with the Incident. *Id.* ¶¶ 20-27. The Declaration includes as attachments the internal administrative log for Plaintiff's requests, a table to interpret the log, some[7] of the rejection notices Plaintiff received, and other pertinent documents. *Id.*, *Attach. 1* [#43-1] at 12-14; *id.*, *Attach. 2* [#43-1] at 15-16; *id.*, *Attach. 3* [#43-1] at 17-22; *id.*, *Attach. 4* [#43-1] (the "Table") at 23; *id.*, *Attach. 5* [#43-1] (the "Log") at 24-50; *Second Request Rejection* [#43-1] at 51-52; *Third Request Rejection* [#43-1] at 53-57. Ms. Montoya asserts that Plaintiff submitted five requests in connection with the Incident and all five were rejected for failure to adhere to

---

[7] According to Ms. Montoya, "BOP does not archive, or otherwise maintain copies of, rejected administrative remedy requests or written notices of such rejection." *Montoya Decl.* [#43-1] ¶ 18. Thus, Ms. Montoya submitted as attachments to the Declaration only the rejections that were "maintained at USP Florence." *Id.* ¶ 18; *see id., Attach. 6* [#43-1] (the "Second Request Rejection") at 51; *id.*, *Attach. 7* [#43-1] (the "Third Request Rejection") at 53.

procedural requirements.  *Montoya Decl.* [#43-1] ¶¶ 20-27; *cf.* 28 C.F.R. §§ 542.13-19

(discussing the general procedural requirements governing the BOP grievance process).

Plaintiff asserts that he has submitted "all [he has] to show that [he] exhausted all

administrative remedies." *Response* [#47] at 1.  Plaintiff submitted with the Response

sundry documentation concerning his administrative remedies.  *Id.* at 2-15.

The Court addresses in turn each of the five administrative remedy requests

identified by Ms. Montoya.

## A.    First Request

According to Defendant, Plaintiff filed Administrative Remedy Request #701755-R1[8]

(the "First Request") "at the regional level, which was received on August 21, 2012, and

alleged staff misconduct in connection [with] the incident." *Montoya Decl.* [#43-1] ¶ 21.

Defendant asserts that the BOP rejected Plaintiff's First Request because "Plaintiff did not

file at the appropriate level, did not attempt informal resolution, did not file at the institution

level and did not raise a sensitive issue." *Id.* (citing *Log* [#43-1] at 33; *Table* [#43-1] at 23).

Plaintiff submitted an "Informal Resolution Form" that he allegedly sent in

conjunction with his First Request.[9]  *Response* [#47] at 4.  The Court does not consider the

---

[8] The BOP's national database assigns a unique "Remedy ID Number" to each initial inmate request.  *Montoya Decl.* [#43-1] ¶ 14.  The assigned number "will follow the [request] throughout the appeal process." *Id.*  The letters following the hyphen in the Remedy ID Number identify the request's level of review. *Id.* "F1" signifies that the request "was filed at the institution level." *Id.* "R1" signifies that the request "or appeal was filed at the regional level." *Id.* "A1" signifies that "the appeal was filed at the national level." *Id.*

[9] Plaintiff does not explain the documentation he submitted in the Response nor does Plaintiff cross-reference his documentation with that provided by Defendant.  The Court construes page 4 of Plaintiff's Response to correspond to the First Request because the form on page 4 lists August 21, 2012, as the date the form was received by BOP staff. *Response* [#47] at 4; *cf. Motion* [#43] at 4 (citing *Montoya Decl.* [#43-1] ¶ 21) ("Plaintiff filed [the First Request] at the BOP Regional Office level, which was received on August 21, 2012 . . . .").

contents of this form because Plaintiff does not swear to the form's veracity, despite the Court's explicit instructions that he must do so. *See Sparks*, 2007 WL 987473, at *6 ("Unsworn assertions are not sufficient grounds to oppose a motion for summary judgment."); *see also Nasious*, 2010 WL 1268135, at *7 ("Plaintiff has attached grievances filed by other inmates in an attempt to set forth evidence of such a custom. However these statements are not sworn or certified and therefore run afoul of Rule 56(c) and the court need not consider them on summary judgment.").

Defendant's evidence corroborates his assertions concerning the First Request's submission and rejection. Plaintiff offers no admissible evidence that disproves Defendant's assertions. Thus, Defendant has met his initial burden in demonstrating that Plaintiff did not exhaust his administrative remedies with the First Request. *See Jones*, 549 U.S. at 216 ("failure to exhaust is an affirmative defense under the PLRA").

**B**.   **Second Request**

According to Defendant, Plaintiff filed Administrative Remedy #702229-F1 (the "Second Request") "at the institution level, which was received on August 24, 2012, again alleging staff misconduct in connection [with] the Incident." *Montoya Decl.* [#43-1] ¶ 22. (citing *Log* [#43-1] at 34, *Second Request Rejection* [#43-1] at 51). The BOP rejected the Second Request for the following reasons: (1) Plaintiff "did not submit [his] request through [his] counselor, or other authorized person;" (2) Plaintiff "did not attempt informal resolution prior to submission of administrative remedy, or [Plaintiff] did not provide the necessary evidence of [his] attempt at informal resolution;" and (3) Plaintiff needed to provide "more

11

specific information about [his] request/appeal so that it may be considered."[10]   *Second*

*Request Rejection* [#43-1] at 51.   The rejection notice states that Plaintiff "may resubmit

[his] request in proper form within 5 days of the date of this rejection notice."   *Id.*   Defendant

maintains that Plaintiff did not resubmit his request.   *Id.* ¶ 22.

Plaintiff submitted a document labeled "Request for Administrative Relief" dated

August 17, 2012.[11]   *Response* [#47] at 7.   On the request, Plaintiff asserts that he is "filing

this sensitive nine[12] due to an assault that occurred on [July 29, 2012], after receiving five

stitches."   *Id.*   Plaintiff also wrote "[s]ee Attached #3," but he did not include with the

Response a document labeled "Attached #3" or "#3."   *Id.*   Under Rule 56(c), parties must

"cite to particular parts of material in the record . . . ."  Fed. R. Civ. P. 56(c)(1)(A).   The

Court will not hunt through all of the documents Plaintiff has submitted to determine if

"Attached #3" is included but mislabeled.   *Accord James v. Heuberger Motors, Inc.*, No. 10-

cv-01648-CMA-KLM, 2011 WL 5331600, at *1 (D. Colo. Nov. 4, 2011); *Walker v. Meyer*,

No. 08-cv-01911-REB-KLM, 2009 WL 3158157, at *3 (D. Colo. 2009) (citing *Gross v.*

*Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995); *SEC v. Thomas*, 965 F.2d 825,

827 (10th Cir. 1992)).

Plaintiff does not contradict Defendant's evidence.   Plaintiff does not offer evidence

---

[10]  Throughout this Recommendation, the Court has standardized the capitalization of the BOP internal records when appropriate.   For instance, on the rejection notice for the Second Request every letter is capitalized on the internal record.  *Second Request Rejection* [#43-1] at 51.

[11]  In the Declaration, Ms. Montoya provides a copy of the same document and identifies it as Plaintiff's Second Request.  *Montoya Decl.* [#43-1] at 8 n.3; *see Second Request Rejection* [#43-1] at 52.   Thus, the Court considers the document in conjunction with the Second Request.

[12]  "Sensitive nine" signifies a request filed at the institutional level that, the inmate alleges, raises a sensitive issue.  *See Montoya Decl.* [#43-1] ¶ 9; 28 C.F.R. § 542.14(d)(1).

that the Counselor to whom he submitted his Request was the proper BOP employee. Plaintiff does not reference an attempt at informal resolution nor provide evidence that such a resolution occurred. Plaintiff does not explain how his one sentence description of the Incident (in which Plaintiff fails to mention Defendant or Defendant's alleged actions) is sufficient for the BOP to consider his Request. *See Response* [#47] at 7. Finally, Plaintiff does not demonstrate that he resubmitted his Request in accordance with the rejection notice's instructions. Thus, Defendant has met his initial burden in demonstrating that the Second Request did not exhaust Plaintiff's administrative remedies. *See Jones*, 549 U.S. at 216 ("failure to exhaust is an affirmative defense under the PLRA").

**C.    Third Request**

According to Defendant, Plaintiff filed Administrative Remedy #703322-F1 (the "Third Request") "at the institutional level, which was received on September 4, 2012, alleging that he was assaulted by staff in connection [with] the Incident and requesting medical care for injuries allegedly arising from the Incident." *Montoya Decl.* [#43-1] ¶ 23 (citing *Log* [#43-1] at 35, *Third Request Rejection* [#43-1] at 53-57). The Third Request was rejected because more than 20 calendar days had elapsed between the Incident and receipt of the Third Request. *Log* [#43-1] at 35; *see Table* [#43-1] at 23.

Defendant maintains that Plaintiff unsuccessfully appealed the rejection of the Third Request. *Montoya Decl.* [#43-1] ¶ 23; *see Log* [#43-1] at 36. According to Defendant, Plaintiff's appeal was rejected because he submitted his appeal to the wrong level and on an incorrect form. *Log* [#43-1] at 36; *see Table* [#43-1] at 23.

Plaintiff offers no evidence that he exhausted all administrative remedies by means of his Third Request. Defendant's evidence, on the other hand, corroborates Defendant's

contention that Plaintiff's Third Request failed to exhaust all administrative remedies.  Thus,

Defendant has met his initial burden with regard to the Third Request.  *See Jones*, 549 U.S.

at 216 ("failure to exhaust is an affirmative defense under the PLRA").

## D.     Fourth Request

According to Defendant, Plaintiff filed Administrative Remedy Request #711110-A1

(the "Fourth Request") "at the Central Office level, which was received on October 1, 2012,

claiming he was assaulted by staff and denied medical treatment in connection [with] the

Incident."  *Montoya Decl.* [#43-1] ¶ 24 (citing *Log* [#43-1] at 37).  Plaintiff's Fourth Request

was rejected because Plaintiff filed it at the wrong level and did not raise a sensitive issue.

*Log* [#43-1] at 37; *see Table* [#43-1] at 23.  The BOP's internal records show that a BOP

employee included the following statement regarding Plaintiff's Fourth Request: "[W]e are

unable to identify the appeal [number]. . . .  Sensitive appeals must be filed at the region[al]

level first."  *Log* [#43-1] at 37.

Plaintiff submitted a document labeled "Central Office Administrative Remedy

Appeal," dated September 25, 2012.[13]  *Response* [#47] at 14.  The Court does not consider

the appeal because Plaintiff does not swear to the form's veracity, despite the Court's

explicit instructions that he must do so.  *See Sparks*, 2007 WL 987473, at *6 ("Unsworn

assertions are not sufficient grounds to oppose a motion for summary judgment."); *see also*

*Nasious*, 2010 WL 1268135, at *7 ("Plaintiff has attached grievances filed by other inmates

in an attempt to set forth evidence of such a custom. However these statements are not

---

[13]  The Court construes the "Central Office Administrative Remedy Appeal" to concern the
Fourth Request because the dates on the two documents align, both were filed at the national level,
and both reference the referral to the proper office.  *See Montoya Decl.* [#43-1] ¶ 24, *Log* [#43-1]
at 37; *Response* [#47] at 14.

sworn or certified and therefore run afoul of Rule 56(c) and the court need not consider them on summary judgment."). Plaintiff also includes as an attachment to the form a handwritten document titled "Sensitive Ten Copy." *Response* [#47] at 11-12. The Court will not consider the attachment because it is unsworn (again, contrary to the Court's explicit instructions) and not clearly labeled as the attachment to which the appeal refers. *See James*, 2011 WL 5331600, at *1 (noting that one specific citation to material in an attachment is insufficient under Rule 56(c)(1)); *Walker*, 2009 WL 3158157, at *3 (holding that the plaintiff failed to raise a legitimate dispute by not specifically citing pertinent allegations in the complaint).

Plaintiff does not offer any admissible evidence to contradict Defendant's assertions with regard to the Fourth Request. Plaintiff does not disprove that he sent his form to the wrong level nor that he failed to raise a sensitive issue. It is within the Administrative Remedy Coordinator's discretion to determine whether an inmate's request raises a sensitive issue. 28 C.F.R. § 542.14(d)(1); *Antonelli v. Crow*, 08-261-GFVT, 2012 WL 4215024, at *6 (E.D. Ky. Sept. 19, 2012); *Jackson v. Walker*, 07-230-DCR, 2008 WL 559693 at *9 (E.D. Ky. Feb. 27, 2008); *Jeanes v. United States Dep't. of Justice*, 231 F. Supp. 2d 48, 51 (D.D.C. 2002). Thus, Defendant has met his initial burden in demonstrating that Plaintiff did not exhaust his administrative remedies with his Fourth Request. *See Jones*, 549 U.S. at 216 ("failure to exhaust is an affirmative defense under the PLRA").

**E.    Fifth Request**

According to Defendant, Plaintiff filed Administrative Remedy Request #740229-F1 (the "Fifth Request") "at the institution level, which was received on June 27, 2013, alleging

staff misconduct." *Montoya Decl.* [#43-1] ¶ 25 (citing *Log* [#43-1] at 44).   The Fifth

Request and the two subsequent appeals were denied. *Id.* ¶ 26.  In the Declaration, Ms.

Montoya notes that the Fifth Request and subsequent appeals may be unrelated to the

Incident. *Id.* ¶ 25.  The Court agrees with Ms. Montoya's reservation. The internal record

concerning the regional appeal refers to an event that predates the Incident by one month,

and Plaintiff does not assert or provide evidence that the Fifth Request and subsequent

appeals are related to the Incident. *See Log* [#43-1] at 49; *see generally Response* [#47].

Thus, like the four previous requests, the Fifth Request does not demonstrate that Plaintiff

exhausted his administrative remedies in connection with the Incident.

## F.    Availability of Administrative Remedies

In various documents submitted to the Court, Plaintiff alleges that Defendant

interfered with Plaintiff's ability to seek administrative remedies. *Response* [#47] at 1, 7;

*August Letter* [#1] at 1; *September Letter* [#6] at 1-3; *Response to Docket #48 Defendants*

*[sic] Motion to Strike* [#57] (the "Motion to Strike Response") at 2.  In other words, Plaintiff

alleges that administrative remedies were unavailable to him. *See* 42 U.S.C. § 1997e(a)

("No action shall be brought . . . until such administrative remedies as are *available* are

exhausted.") (emphasis added).   The Court does not address Plaintiff's allegations

concerning unavailability because the documents that contain the allegations are

insufficient for consideration at summary judgment.  As noted above, Fed. R. Civ. P. Rule

56 governs what evidence may be considered in conjunction with a motion for summary

judgment.  Rule 56 provides that:

"(1) A party asserting that a fact cannot be or is genuinely disputed must
support the assertion by:
(A) citing to particular parts of materials in the record, including depositions,

16

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]
. . .

(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Fed. R. Civ. P. 56(c)(1)-(4).

First, the Court cannot consider any of the attachments in the Response because Plaintiff does not swear to their veracity, despite the Court's explicit instructions as to how to provide sworn documents. *See Sparks*, 2007 WL 987473, at *6 ("Unsworn assertions are not sufficient grounds to oppose a motion for summary judgment."); *see also Nasious*, 2010 WL 1268135, at *7 ("Plaintiff has attached grievances filed by other inmates in an attempt to set forth evidence of such a custom. However these statements are not sworn or certified and therefore run afoul of Rule 56(c) and the court need not consider them on summary judgment."). Plaintiff's oath only swears that the statement on page two, which does not contain allegations relevant to unavailability of administrative remedies, is accurate. *Response* [#47] at 2 ("I gave SIA Vanek a written statement on November 28, 2012. It is true and correct."), 3.

Second, the Court does not consider allegations in the August Letter and the September Letter because the letters are unsworn statements (Plaintiff again failed to heed the Court's explicit instructions in this regard). *See Sparks*, 2007 WL 987473, at *6 ("Unsworn assertions are not sufficient grounds to oppose a motion for summary

judgment."); *see also Nasious*, 2010 WL 1268135, at *7 ("Plaintiff has attached grievances filed by other inmates in an attempt to set forth evidence of such a custom. However these statements are not sworn or certified and therefore run afoul of Rule 56(c) and the court need not consider them on summary judgment.").

Finally, the Court exercises its discretion in not considering the Motion to Strike Response [#57]. The Court declines to consider the Motion to Strike Response [#57] for three reasons. First, the Court "need only consider cited material" and, as the Motion to Strike Response [#57] succeeded the Response [#47], the Motion to Strike Response [#57] is not cited in the Response [#47]. *See* Fed. R. Civ. P. 56(c)(3); *cf. Gross*, 53 F. 3d at 1546 (quoting *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F. 2d 1022, 1024-25 (10th Cir. 1992), *cert. denied*, 506 U.S. 1013 (1992)) (further citation omitted) ("'[S]ufficient evidence (pertinent to the material issue) must be identified by reference' . . . . Without a specific reference, 'we will not search the record in an effort to determine whether there exists dormant evidence . . . .'"). Second, it would be prejudicial to Defendant to consider the Motion to Strike Response [#57] because it was filed four months after Defendant's Motion for Summary Judgment. *Cf. Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) (affirming denial of Plaintiffs' motion to reconsider summary judgment ruling because Plaintiffs did not explain why they waited three months to submit additional evidence that was not newly discovered). Third and most importantly, the Court does not consider the Motion to Strike Response [#57] because the Court granted Plaintiff additional time to resubmit the allegations contained in the Motion to Strike Response in proper form,

and Plaintiff failed to follow the Court's explicit instructions.  *See Minute Order* [#59] at 2.[14]

Accordingly, the Court **recommends** that Plaintiff's Eighth Amendment claim against

Defendant Taillon be **dismissed without prejudice** for failure to exhaust administrative

remedies.  *Gatlin*, 2014 WL 1818245, at *4 (noting that dismissal of unexhausted claims

on summary judgment should be without prejudice).

### IV. Conclusion

Accordingly,

The Court respectfully **RECOMMENDS** that the Motion for Summary Judgment [#43]

be **GRANTED**, and that the claim against Defendant be **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is

assigned.  A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this

_____

[14] The documentation Plaintiff did submit following the Minute Order does not address the availability of Plaintiff's administrative remedies.  *See generally Motion for Production* [#60]; *Prior Notice Request* [#62]; *see also Mem.* [#64] at Ex. A at 5-6 (concerning acts of self-harm), Ex. B at 7-9 (concerning unsuccessful search for counsel), Ex. C at 10 (photograph of Plaintiff the day of the Incident).  Furthermore, the exhibits in the Memorandum are inadmissible because Plaintiff attests only to the veracity of the pages preceding the exhibits, an error about which the Court warned Plaintiff in the Minute Order.  *See id.* at 4 ("I declare under penalty of perjury that the *foregoing* is true and correct[.]") (emphasis added); *Minute Order* [#59] at 2 ("Plaintiff should not include additional documentation following th[e] oath unless Plaintiff specifies in the oath that the additional pages are included in the oath.").

Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 24, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge